WALLER TILLER ET AL *v.* WILLIAM KIDWELL ET AL.

Contracts—Cancellation—Feeble Intellect—Inadequacy of Price—Innocent Purchasers.

> Whilst the general equity rule that feeble intellect, with inadequacy of price, with but slight circumstances evidencing fraud or over-reaching, will suffice to the cancelment of contracts, yet when such contract has been acquiesced in for more than fourteen years and the land has gone into the hands of innocent purchacers, there should be great preponderating evidence and circumstance against the sale before the property rights of innocent purchasers should be disturbed.

APPEAL FROM HENRY CIRCUIT COURT.

May 28, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

John Mortimer, December 11, 1810, as a gift for the esteem and friendship which he entertained toward John Tiller, his wife and children, conveyed to John Tiller and wife 200 acres of land with a prohibition against their selling it during life, it being intended by the donor as a home for the family during their

lives.    John Tiller having died, his wife still surviving, and Waller Tiller being one of the five children left by him, in the year 1852, sold his undivided fifth interest in the remainder by title bond to Washington Murphy, in consideration of $100.

Murphy afterwards sold and assigned this bond to W. B. Morris, who was the subscribing witness to the bond, for $300. Lucy Tiller, the widow, was still surviving, though about 84 years old, when this suit was brought August 22, 1866, Kidwell had previously by the consent of Waller Tiller, as he avers in his cross petition, and which is not denied in the reply thereto, got possession of this undivided interest sold by him to Murphy as witnessed by the said title bond.

The object of this suit was to rescind the original contract with Murphy, cancel the bond and reclaim the land, on the averments that Waller Tiller was of feeble intellect, incapabel of making prudent contracts, and was overreached and defrauded by Murphy, all of which, however, is denied by the defendants Kidwell, Morris and Murphy.

Whilst the evidence does tend to show that Waller Tiller was of feeble intellect, yet he was permitted by his family and relations to manage and control his own affairs, and many facts go to show that he was slow and careful in his trades, and of at least common ordinary prudence.    Some, it is true, would indicate otherwise.    Many witnesses were examined by both sides, and these differ in opinion as to his capacity to manage his own affairs prudently, a majority regarding him as incompetent, but the facts seem to be the other way.

The fact that another brother sold his interest, afterwards, at the same price, of which there seems to be no complaint, the uncomplaining acquiescence of Waller Tiller, his family and relations, in this trade for over eight years, when it went into the hands of Kidwell, who was an innocent purchasers, and then the continued acquiescence for six years after his purchase, whilst the land was largely increased in value, and by the fortunate location through this land of a railroad now being built, and which is of but recent origin, tending to still further enhance its value, all fortify the presumption that it is more the enhanced value since the sale to Murphy than its then value which makes it now desirable on the part of Waller Tiller and his friends to

have this trade rescinded. And this presumption is greatly strengthened by the positive evidence of several, seemingly intelligent witnesses, that Murphy gave a fair price for Waller Tiller's interest at the time of the trade, encumbered as it then was by his mother's life estate, without power in her to sell it.

Whilst the general equity rule is that feeble intellect, with inadequacy of price, with but slight circumstances evidencing fraud or overreaching, will suffice to the cancelment of contracts, yet when such contract has been acquiesced in for more than fourteen years, the life estate, by course of nature, soon to terminate, the land has greatly enhanced in value, and has gone into the hands of an innocent purchaser, all going to repel the inadequacy of the original consideration, there should be clearly greatly preponderating evidence and circumstances against the sale before the property rights of an innocent purchaser should be disturbed, *especially as the legal incapacity is not made out.*

Under all the peculiar circumstances of this case, we concur with the circuit court in dismissing the plaintiffs petition, and directing a conveyance on Kidwell's cross petition at his own costs.

Wherefore, the judgment is affirmed.

*Pryor, for appellants.*

*DeHaven, for appellees.*